# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                         CRIMINAL ACTION NO. 4:07-CR-10-JHM-2

ROBERT WETTSTAIN                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's *pro se* motion to reduce his sentence (DN 305). The United States has responded (DN 307), and Defendant has replied (DN 310). The matter being ripe, the Court will deny Defendant's motion for the following reasons.

## I.

In November 2010, after remand from the Sixth Circuit Court of Appeals, Defendant was sentenced to life imprisonment on Count 1 (conspiracy to knowingly and intentionally possess with intent to distribute methamphetamine) and to 240 months each for Counts 3 and 4 (aiding and abetting knowingly and intentionally possessing with intent to distribute methamphetamine), all to be served concurrently for a total term of life imprisonment (DN 223). In October 2016, President Obama granted Defendant clemency, commuting Defendant's sentence to 240 months' imprisonment (DN 303).

In his motion to reduce, Defendant asks that his 240-month sentence be reduced pursuant to 18 U.S.C. § 3582(c) in light of Amendment 782[1] to the U.S. Sentencing Guidelines. He also argues that he has made extraordinary efforts to rehabilitate himself in prison.

---

[1] "Amendment 782, which became effective on November 1, 2014, lowered the sentencing guidelines for drug offenses by two levels." *United States v. Light*, No. 16-5633, 2017 WL 61875, at *1 (6th Cir. Jan. 5, 2017).

In response, the United States argues that Defendant is not entitled to a reduction in his sentence because his original life sentence on Count 1 was not based on a drug-sentencing guideline but rather on his status as a career offender.

Additionally, the United States argues that the fact that Defendant's sentence is no longer life in prison but rather 240 months has nothing to do with the amendment of any sentencing range but is rather purely the result of the presidential commutation of his sentence. The United States further argues that, even were Defendant eligible for a sentence reduction, this Court, in its discretion should deny it. The United States argues that the 240-month sentence Defendant is now serving is much more lenient than the original sentence and is below the statutory-minimum life sentence provided by the statute. The United States contends that to reduce his sentence further would minimize the seriousness of his crime and create an unwarranted sentencing disparity with the sentence of his co-defendant, whose original life sentence was also commuted by President Obama to 240 months in prison.

Finally, the United States argues that Defendant's substantial criminal history, his prison disciplinary record, and his failure to enroll in recommended drug-abuse treatment programs in 2013-15 despite the recommendation to do so all mitigate against further reducing his sentence.

In reply, Defendant argues that § 3582 only requires that a defendant's sentencing range has subsequently been lowered. He asserts that he was not an organizer, leader, manager or supervisor in the conspiracy and that there was no evidence that he used or threatened violence. He also explains that he has been on the waiting list to enroll in the Residential Drug and Alcohol Treatment Program for the last 90 days.

**II.**

The Court is authorized to grant a sentence reduction under § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Section 3582(c)(2) establishes a two-step inquiry. First, the Court must determine whether the defendant is eligible for a sentence reduction. If the Defendant is eligible for a sentence reduction, then the Court is required to consider both the factors set out in 18 U.S.C. § 3553(a)[2] and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment"; the Court may also consider post-sentencing conduct. *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) (quoting U.S.S.G. § 1B1.10, cmt. n. 1(B)(ii)). *See also Dillon v. United States*, 560 U.S. 817, 826 (2010) (explaining that § 3582 "establishes a two-step inquiry"); *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013) (same).

As the United States points out, Defendant was a career offender under U.S.S.G. § 4B1.1. His statutory minimum sentence was life in prison; therefore, life was his guideline sentence under U.S.S.G. § 5G1.1(b). Amendment 782 did not have any effect on the § 4B1.1 career offender guidelines. *United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016). For this reason, Defendant is not eligible for a reduction of his sentence under § 3582. *See United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010) (holding that the defendant, a career offender, was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because the relevant amendment did not lower his applicable guideline range); *see also United States v. Paulk*, 569

---

[2] Those factors include the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford deter criminal conduct, and to protect the public, and to provide the defendant with needed training or treatment. *See* § 3553(a)(1), (2).

F.3d 1094, 1096 (9th Cir. 2009), as amended (Aug. 6, 2009) (holding "defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)").

Further, President Obama's commutation of Defendant's sentence is an executive action that does not affect his eligibility for § 3582 relief. *Cf. Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 284 (1998); *see also United States v. Gibson*, No. 94-CR-454, 2017 WL 1301514, at *1 (D. Md. Apr. 7, 2017) ("President Obama's commutation does not affect Gibson's eligibility for relief under 18 U.S.C. § 3582."). Thus, Defendant is not eligible for a sentence reduction under § 3582(c)(2) either by application of Amendment 782 or because he was granted clemency, and the Court need not consider the § 3553(a) factors or the danger posed by a reduction in Defendant's sentence.

### III.

For the foregoing reasons, Defendant's motion (DN 305) is **DENIED**.

Date: May 1, 2017

*Joseph H. McKinley, Jr., Chief Judge*
**United States District Court**

cc: Defendant, *pro se*
U.S. Attorney
4414.009

4